UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHONE ALLEN-MCBRIDE,

     Petitioner,

                     Case No. 8:14-CV-2207-T-33AEP
                               8:12-CR-558-T-33AEP

UNITED STATES OF AMERICA,

     Respondent.

_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Brief in Support (Cv-D-1; Cr-D-341), and the Government's response in opposition thereto (Cv-D-8).

On February 27, 2013, Petitioner was charged in a Superseding Indictment with conspiracy to possess with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, and possession with the intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Attorney Christopher Hardy was appointed to represent Petitioner. On March 4, 2013, the Government filed a Notice of Filing of State Department Certification (Cr-D-54.)

On June 10, 2013, the morning jury selection was scheduled to

commence, Petitioner entered a straight up guilty plea to the charges.  On August 29, 2013, the Court sentenced Petitioner to a term of imprisonment of 135 months.  Petitioner did not appeal.

In September 2014, Petitioner filed his § 2255 motion claiming as follows: 1) the U.S. Coast Guard did not have jurisdiction or probable cause to stop the vessel because it was not in international waters; 2) Petitioner was illegally extradited from Honduran waters to the United States; 3) the United States did not have jurisdiction to detain and remove Petitioner; and 4) there was no clear legal ground to indict Petitioner.  Petitioner also claims his counsel was ineffective in failing to raise these claims.

The Government responds that the vessel upon which Petitioner was traveling was interdicted in international waters, and the vessel was subject to the jurisdiction of the United States.  The Government argues that the State Department Certification supports a jurisdictional finding, and, as such, Petitioner's jurisdictional claims should be denied.  As for Petitioner's claim that there was "no legal ground to indict Petitioner under 56 U.S.C. § 70503, the Government argues that Petitioner, by entering a guilty plea, is barred from raising a challenge to the factual basis of his plea.  Finally, the Government argues that Petitioner's claims of ineffective assistance of counsel are meritless.

## I.   PETITIONER'S JURISDICTIONAL CLAIMS

Petitioner's jurisdictional claims lack legal merit.  The MDLEA prohibits a person from knowingly or intentionally

distributing, or possessing with the intent to distribute a controlled substance on board "a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a)(1). This prohibition applies even though the act is committed outside the territorial jurisdiction of the United States. 46 U.S.C. § 70503(b). Notably, the MDLEA does not require a nexus between the drug trafficking and the United States. See 46 U.S.C. § 70502(c); United States v. Rendon, 354 F.3d 1320, 1324-25 (11th Cir. 2003), cert. denied, 541 U.S. 1035 (2004). Furthermore, the Eleventh Circuit has held that Congress did not exceed its authority under the Piracies and Felonies Clause by enacting the MDLEA without a connection to the United States. United States v. Estupinan, 453 F.3d 1336, 1338-39 (11th Cir. 2006).

Whether the vessel is a "vessel subject to the jurisdiction of the United States," within the meaning of 46 U.S.C. § 70502(c) is a preliminary question of law to be determined by the trial judge. 46 U.S.C. § 70504(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States...." 46 U.S.C. § 70502(c)(1)(C).

A foreign nation's consent or waiver of objection is proved conclusively by the certification of the Secretary of State or the Secretary's designee. § 70502(c)(2)(B). The MDLEA provides that:

> (2) Response to claim of registry. The response of a
>     foreign nation to a claim of registry under

paragraph (1)(A) or (C) may be made by radio, telephone, or similar oral or electronic means, and is proved conclusively by certification of the Secretary of State or the Secretary's designee.

46 U.S.C. § 70502(d)(2).  See United States v. Betancourth, 554 F.3d 1329, 1334 (11th Cir. 2009) ("under the Act, 'Consent or waiver of objection by a foreign nation to the enforcement of United States law by the United States ... is proved conclusively by certification of the Secretary of State or the Secretary's designee") Significantly, "[t]he legitimacy of a flag nation's consent is therefore a question of international law that can be raised only by the foreign nation. United States v. Bustos-Useche, 273 F.3d 622, 626 (5th Cir. 2001).

Here, prior to the trial, the Government submitted a Certification for the Maritime Drug Law Enforcement Act Case Involving Go-Fast Vessels Cayos Tour & Cayos Tour 2 (Honduras) Federal Drug Identification Number (FDIN) - 2012612994. (Cr-D-54-1.) The Certification was executed by Commander Salvatore J. Fazio of the United States Coast Guard on February 14, 2013, and authenticated by the Secretary of State.  According to the Certification, U.S. law enforcement officials spotted two go-fast vessels alongside a third vessel in international waters, approximately 22 nautical miles north of Guanaja, Honduras, on December 2, 2012.  Crew members were seen transferring bales of what appeared to be contraband from one vessel to another.  After the crew members detected the presence of law enforcement, the crew of the first vessel began jettisoning bales of contraband.  A

United States Coast Guard law enforcement team conducted a right-of-visit boarding of both vessels.  A person who identified himself as master of the vessel claimed Honduran nationality of the vessel Cayos Tour 2.  Four individuals on the second vessel, Cayos Tour, claimed Honduran nationality but made no claim of nationality for the vessel.  (Id.)

In accordance with the Implementing Agreement between the Government of the United States of America and the Government of the Republic of Honduras Concerning Cooperation for the Suppression of Illicit Maritime Traffic in Narcotic Drugs and Psychotropic Substances, the Government of the United States Guard requested that the Government of the Republic of Honduras confirm or deny registry of the vessels and, if confirmed, grant permission to stop, board, and search the vessels.  The Government of the Republic of Honduras confirmed the registry of both vessels and authorized the United States law enforcement officials permission to board and search the vessels.  The United States Coast Guard recovered 22 bales containing approximately 1,550 kilograms of cocaine in the debris field from Cayos Tour 2.  The United States Government requested the Government of the Republic of Honduras waive its primary right to exercise jurisdiction over the vessels, cargo, and persons on board.  On December 17, 2012, the Government of Honduras notified the Government of the United States of its waiver of its primary right to exercise jurisdiction over the vessels and the crew.  The United States Government therefore

determined the vessels were subject to the jurisdiction of the United States pursuant to 46 U.S.C. § 70502(c)(1)(C).

As previously indicated, Petitioner contends that vessel was located in Honduran waters at the time of the interdiction. In United States v. Bellaizac-Hurtado, 700 F.3d 1245, 1258 (11th Cir. 2012), the court found that the MDLEA, 46 U.S.C. §§ 70503(a) and 70506, were unconstitutional as applied to the drug trafficking activities of the defendants in that case, which occurred in territorial waters of Panama. The Eleventh Circuit explained, "Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the **territorial water** of Panama." Id. (Emphasis added.) Notably, the court acknowledged that Congress has constitutional authority to prosecute drug trafficking conduct that takes place in international waters under the Felonies Clause. Id. at 1257 (collecting cases). "International waters" is all area beyond twelves miles from land. United States v. McPhee, 336 F.3d 1269, 1273 (11th Cir. 2003).

The Certification presented by the Government demonstrates that Petitioner was on a vessel in **international** waters and that the Honduran Government consented or waived objection to the enforcement of United States law by the United States. Additionally, at Petitioner's plea, the Government read a proffer of facts that it expected to prove if the case went to trial. (Cr-D-321, p. 1-18.) The Government proffered that the vessels were initially sighted at coordinates 16-48 degrees north, 085-59

degrees west, approximately 18 miles from Isla de Guanaja, Honduras.   When the crews spotted law enforcement, both vessels headed south toward Honduran waters and jettisoned packages.  (Id. at p. 16.)   The vessels were disabled approximately 18 nautical miles northeast of Honduras.   (Id.)   Petitioner agreed to the facts.   (Id. at p. 18.)   As such, Bellaizac-Hurtado is not applicable to his case.

Petitioner is correct in his claim that no contraband was found on or around the Cayos Tour, the vessel on which he was traveling.   Nonetheless, his claim that the Government had no "legal ground to indict" him fails.  While admitting that the bales from Petitioner's vessel were never recovered, the Government proffered at the Petitioner's guilty plea hearing that both vessels jettisoned packages.  (Id. at p. 16, 18.)   Petitioner agreed to those facts.  (Id. at 18.)   Furthermore, Petitioner agreed to the essential elements of the offenses, including that he, aided and abetted by his co-defendants, possessed cocaine with the intent to distribute it.  (Id. at p. 19.)   The Court found Petitioner's plea to be knowingly, voluntarily and freely made.  (Id. at p. 22-23.) Petitioner does not dispute that finding.   As such, Petitioner is not entitled to relief as to this claim.

## II.  INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Petitioner is not entitled to relief as to his claims of ineffective assistance of counsel in failing to raise the foregoing claims.   An attorney is not ineffective in failing to

raise a meritless claim.  See Freeman v. Attorney General, State of Florida, 536 F.3d 1225 (11th Cir.2008) (citing Chandler v. Moore, 240 F.3d 907, 917 (11th Cir.2001).  Counsel cannot be labeled ineffective for failing to raise issues which have no merit.  See Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir.1987) (evaluating likelihood of success on claim in assessing deficiency of counsel).

## III. EVIDENTIARY HEARING

Lastly, as to Petitioner's request for an evidentiary hearing, Petitioner has failed to demonstrate the need for such a hearing. The Court need not conduct an evidentiary hearing where it is evident from the record that the petitioner was not denied effective assistance of counsel.  Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991).  Based on the foregoing analysis, the Court does not find that an evidentiary hearing is warranted.

IT IS therefore ORDERED that:

1)   Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Brief in Support (Cv-D-1, Cr-D-341) is DENIED.

2)   The Clerk is directed to enter judgment in favor of the Government and CLOSE this case.

## CERTIFICATE OF APPEALABILITY AND

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 26th day of January, 2015.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE